Tom RANDALL; Mark Archibald; Mohanad Atassi; Craig Bailey; Charles Benedict; Glen Billman; Shawn Chako; Wuihan Cheah; Ching–Cheng Chen; Jennifer Cheney; Jeff Childers; Carey Cooley; Philip Dinets; Charles Elking; Doug Farmen; Justin Fer-

nandez; Laura Figahs; Barry Fitzgerald; Rio Garcia; Janel Garvin; Sukhu George; T. Giridharan; Robert Godau; John Gray; Peter Grenyo; David Hamilton; Nolen Harter; Larry Hatch; Simon He; Ray Hendrickson; Nalin Jain; Dylan Jones; Darryl Larson; Bin Liu; James Loe; Robert Long; Don Lozir; John Lundy; Joel McCarter; Keith Medici; Chris Mellin; Alison Mizraji; Leon Modorsky; Ruby Mosher; Ahmad Naghsh–Nilchi; Andy Nguyen; Steve Paolucci; Todd Parks; Greg Pauletti; Dennis Payne; Helen Pugmire; Jerry Robinson; Patrick Roling; Avery Rose; Steve Ruzzier; Afshin Sadeghi; Anthony Sanborn; Brent Smith; Allen Sproul; Clem Stein; St. Pierre; Mark Szen; Ronald Taylor; Fikaejs Trading; Luan Tran; Jim Wallace; Christopher Wendell; Slade Winchester; Svetlana Yarmitsky; Ronald Yong; Shenhong Zhu, **Plaintiffs—Appellants,**

v.

**RATIONAL SOFTWARE CORPORATION** and Paul D. Levy; Cowen & Company Inc; Paul D. Levy; Robert T. Bond; Wessels, national securities brokerage firm; Cowen, national securities brokerage firm; Dain Rauscher Wessels, **Defendants—Appellees.**

No. 00–17515.

D.C. No. CV–97–21001–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided March 13, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Tom Randall and other investors who purchased stock in Rational Software Corporation (Rational) appeal the district court's dismissal with prejudice of their insider trading class action brought under §§ 10(b) and 20A of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, *et. seq.* We have jurisdiction under 28 U.S.C. § 1291, and, after de novo review, we affirm.

The district court did not err in dismissing Randall's second amended complaint for failure to plead facts sufficient to meet the two-part test for tippee liability set forth in *Dirks v. SEC*, 463 U.S. 646, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983). Randall's complaint alleged that Paul Levy, Rational's CEO, "tipped" material negative nonpublic information to Dain Rauscher Wessels (Wessels), a professional market analyst. Wessels then passed this information to its clients, who sold Rational stock.

Randall's complaint did not allege facts which showed any special relationship between Levy and Wessels. The complaint also did not allege facts showing that Levy received a personal benefit from tipping Wessels or that Wessels knew or should have known that Levy's disclosure was in breach of his fiduciary duty. Thus, the district court properly dismissed Randall's second amended complaint with prejudice.

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.